Mr. Thurman Wood, Chairman Baxter County Election Commission 1607 Highway 62 SW Mountain Home, AR 72653
Dear Mr. Wood:
This is in response to your request for an opinion on the following question:
 Vada Sheid has owned a farm and her home is located on this farm in district #6. Her voting precinct is in ths [sic] district. She also has an appartment [sic] in Mountain Home at the place of her business. She wants to run for state representative in district #6. Can she qualify to run in district #6?
The Arkansas Constitutional provision relevant to your question is Art. 5, 4, which provides as follows:
 No person shall be a Senator or Representative who, at the time of his election is not a citizen of the United States, nor any one who has not been for two years next preceding his election a resident of the State, AND FOR ONE YEAR NEXT PRECEDING HIS ELECTION A RESIDENT OF THE COUNTY OR DISTRICT WHENCE HE MAY BE CHOSEN. Senators shall be at least twenty-five years of age and Representatives at least twenty-one years of age. [Emphasis added.]
The provision above contains a "residency" requirement applicable to candidates for the positions of state senator and representative. The provision speaks in terms of "residence" rather than "domicile". The two terms are compared and distinguished in Black's Law Dictionary (5th ed. 1979) as follows:
 As "domicile" and "residence" are usually in the same place, they are frequently used as if they had the same meaning, but they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. Residence means living in a particular locality, but domicile means living in that locality, with intent to make it a fixed and permanent home. Residence simply requires bodily presence in that place and also an intention to make it one's domicile. [Citation omitted.] "Residence" is not synonymous with "domicile," though the two terms are closely related; a person may have only one legal domicile at one time, but he may have more than one residence. [Citation omitted.]
In certain contexts the courts consider "residence" and "domicile" to be synonymous [citation omitted]; while in others the two terms are distinguished.
Black's, supra at p. 1176-1177.
In Arkansas, although these terms are often held not synonymous, (see e.g. Goodwin, v. Harrison, 300 Ark. 474, 780 S.W.2d 518
(1989)), it has been held that in determining qualifications of voters and public officials, the word "residence" is usually treated as if it were synonymous with "domicile". Charisse v. Eldred, 252 Ark. 101, 477 S.W.2d 480 (1972).
Thus in response to your question, the eligibility of Ms. Sheid to run for state representative will depend upon whether she has been a "domiciliary" of district 6 for "one year next preceding the election." This is a question of fact which this office is neither equipped nor empowered to answer. A person's "domicile" is dependent to some extent upon the intention of the person involved. Charisse, supra. Under normal circumstances domicile is determined by physical presence and an intention to remain indefinitely. Dunlap by Wells v. Buchanan, 567 F. Supp. 1435
(1983), affirmed 741 F.2d 165. The question of intent (to make a certain place one's domicile) is one of fact to be ascertained not only by the statements of the person involved, but by his or her conduct as well. Shinn v. Heath, Director, 259 Ark. 577,535 S.W.2d 57 (1976). Among the factors looked at to determine whether a person has requisite intent to establish a domicile in a particular place are declarations of the parties, exercise of political rights, payment of personal taxes, a house of residence and a place of business. Gooch v. Gooch, 10 Ark. App. 432,664 S.W.2d 900 (1984). These factors must be evaluated in an attempt to determine a candidate's intent as to domicile.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.